THE STATE *v.* RICHARDSON.

A recognizance to appear and prosecute an appeal made to a higher Court, and abide the order of said Court thereon, and not depart without license, is not forfeited by a default at a *subsequent* term in the Court appealed to, the appeal having been duly entered at the first term, and the process continued.

THIS was a writ of *scire facias*, in which it was set forth that a complaint was duly made to a magistrate against the defendant for an assault and battery, and a warrant issued thereon, by virtue of which the defendant was arrested, tried before a justice of the peace on the plea of not guilty, convicted, and sentenced;—that he appealed from the sentence to the next Circuit Court of Common Pleas, to be holden in *December* then next, and entered into a recognizance conditioned that he should *appear and prosecute his appeal at the said Court, and should abide the order of said Court thereon, and not depart without license;*—that the recognizance was returned to and duly entered of record in the Court appealed to;—that the defendant appeared at the same term, and entered his appeal, *and the cause was then continued to the next April term,* at *which second term* the defendant, after trial and conviction by the jury, did depart without license, and being solemnly called did not appear but made default;—and he was now summoned to shew cause why judgment should not be rendered against him for the amount in which he recognized.

The defendant, after oyer of the condition of the recognizance, pleads in bar that a complaint was made to the magistrate against himself and one *Austin,* and others to the complainant unknown, for a riotous and tumultuous assemblage, making an affray, and committing an aggravated assault and battery on the complainant,—upon which a warrant duly issued, by virtue of which the defendant and said *Austin* were arrested and carried before the same justice of the peace named in the writ;—that they pleaded not guilty to the matter of the complaint;—that the magistrate after hearing the evidence, adjudged the said *Austin* guilty of an high and aggravated assault, and ordered him to recognize for his appearance at the next

The State *v.* Richardson.

Circuit Court of Common Pleas, to answer touching the same;—and adjuged the defendant guilty of aiding in said assault—and thereupon sentenced him to pay a fine and costs; from which sentence he appealed, and entered into recognizance, which is the same recognizance set forth in the writ.—Whereupon the Attorney for the State demurs in law.

*Sprague*, in support of the demurrer, and *Boutelle*, for the defendant, being about to argue upon the pleadings, were stopped by the Court, whose opinion was afterwards delivered to the following effect, by

MELLEN C. J. It appears from the record before us that the defendant entered into a recognizance before a justice of the peace, conditioned to appear and prosecute his appeal at the next *December* term of the Common Pleas, and abide the order of Court thereon and not depart without license; and that he did so appear, and prosecute his appeal, which the Court ordered to be continued. This was all he engaged by his recognizance to do. The cause being continued to *April* term, he should have been ordered again to recognize for his appearance at *that* term. But his departing without license at *that* term, at which he did not engage to appear, cannot be considered as a forfeiture of *this* recognizance.